IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA HOLT, <br> LEONARD D. HOLT, and <br> FORTEZZA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST <br> COMPANY, as TRUSTEE for ARGENT <br> SECURITIES, INC., ASSET-BACKED <br> PASS-THROUGH CERTIFICATES, <br> SERIES 2006-M2, by OCWEN LOAN <br> SERVICING, LLC, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. **3:14-CV-3020-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants/Counter-Plaintiffs' Motion for Summary Judgment (Doc. 23), filed May 15, 2015. For the reasons herein stated, the court **grants** Defendants/Counter-Plaintiffs' Motion for Summary Judgment.

**I.     Factual and Procedural Background**

    **A.     Procedural Background**

Plaintiffs Pamela Ann Holt ("Ms. Holt), Leonard D. Holt ("Mr. Holt"), and Fortezza Enterprises, Inc. ("Fortezza") (collectively, "Plaintiffs") originally brought this mortgage foreclosure action on August 1, 2014, in the 192nd Judicial District Court, Dallas County, Texas, against Defendant Deutsche Bank National Trust Company, as trustee for Argent Securities, Inc. and Asset-Backed Pass-Through Certificates, Series 2006-M2, by Ocwen Loan Servicing, LLC ("Deutsche

Bank" or "Defendant"). On August 22, 2014, the action was removed to federal court because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

On September 18, 2014, Plaintiffs filed their First Amended Complaint (Doc. 8). Plaintiffs allege violations of Texas Constitution Art. XVI, § 50(a) and argue that Rule 736 of the Texas Rules of Civil Procedure violates the Texas Constitution. Plaintiffs also seek a declaratory judgment. On August 29, 2014, Defendant filed the Original Counterclaim of Defendants/Counter-Plaintiffs (Doc. 4), filed August 29, 2014. Defendant seeks "an order allowing foreclosure" and request attorney's fees. Defs.' Counterclaim 4.[1]

On October 2, 2014, Defendant filed Defendants/Counter-Plaintiffs' Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 12). This motion remains pending. On May 15, 2015, Defendant filed Defendants/Counter-Plaintiffs' Motion for Summary Judgment. Because the motion for summary judgment is dispositive, the court addresses this motion first.

### B. Factual Background

On or about June 14, 2006, Plaintiffs executed a Texas Home Equity Note (the "Note") for $124,000 payable to Argent Mortgage Company, LLC ("Argent") and also secured the Note with a Texas Home Equity Security Instrument ("Deed of Trust"). *See* Defs.' App. 6, Ex. A-1. The Note and Deed of Trust (collectively, the "Loan Agreement") were transferred to Deutsche Bank. *See* Defs.' App. 33, Assignment of the Deed of Trust, Ex. A-3. Defendant contends that Plaintiffs

---

[1] For the reasons set forth in Section III(A) of this opinion, the court determines that Deutsche Bank is the only defendant in this action. Accordingly, the court will make reference to Deutsche Bank as "Defendant."

**Memorandum Opinion and Order - Page 2**

defaulted on their loan payments, and, as a result, Deutsche Bank sought to foreclose Plaintiffs' property located at 810 Big Thicket Tr., Mesquite, Dallas County, Texas (the "Property").

Defendant moves for summary judgment, contending that all of Plaintiffs' claims are time barred by the applicable statute of limitations; that they have no evidence to support a declaratory judgment; that their claim for violations of the Texas Constitution fail as a matter of law; and that Deutsche Bank is entitled to summary judgment on its claim for judicial foreclosure because Plaintiffs defaulted on their loan.

**II**.   **Motion for Summary Judgment Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**Memorandum Opinion and Order - Page 4**

**III.   Analysis**

    **A.   Proper Parties in this Action**

The court determines that Ocwen Loan is not a party to this action. While the motion for summary judgment before the court today refers to "Defendants," Plaintiff's First Amended Complaint names Deutsche Bank as the only defendant in this action. *See* Pls.' First Am. Compl. ¶ 2. Based on the court's law clerk's phone conversation with counsel for Defendant on June 11, 2015, Defendant's counsel intended to add Ocwen Loan as a intervening defendant; however, Defendant never filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24.

The counterclaim filed by "Defendants/Counter-Plaintiffs" names Deutsche Bank and Ocwen Loan as parties to this motion; however, a counterclaim is a claim that can only be asserted by the parties to the action. As Ocwen Loan is not a party, its effort to assert a counterclaim against Plaintiffs fails as a matter of law. Moreover, in reviewing the prayer, the court notes that the counterclaim only requests relief for Deutsche Bank. Accordingly, the court determines that Ocwen Loan is not a party to this action.

    **B.   Whether There is a Genuine Dispute of Material Fact**

Defendant moves for summary judgment on Plaintiffs' claims for violations of the Texas Constitution and its counterclaim for an order setting forth its rights to a judicial foreclosure of the Property. On June 4, 2015, Plaintiffs filed their response, which states, in its entirety, the following: "Plaintiffs do not oppose Defendant's Motion for Summary Judgment." *See* Pls.' Resp. 1. By saying that they do not oppose this motion, Plaintiffs acknowledge that there is no genuine dispute of material fact with respect to their claims and Defendant's counterclaim.

In addition, Defendant contends that, on March 26, 2015, it sent its first requests for admission to Plaintiffs and that Plaintiffs failed to answer or object. *See* Defs.' App. 69, Danaher Decl. ¶ 3, Ex. B.[2] Because Plaintiffs failed to answer Defendant's requests for admission or file objections, they are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). Among the deemed admissions is the following: "Deutsche Bank had the right to foreclose on the property located at 810 Big Thicket, Mesquite, Texas, 75149." Defs.' App. 76, 83, Requests for Admissions to Leonard Holt and Pamela Holt, Ex. B.

In light of Plaintiffs' Response and the deemed admissions, the court determines that no genuine dispute of material fact exists as to Plaintiff' claims under the Texas Constitution, and Defendant is entitled to judgment as a matter of law. Accordingly, the court will grant Defendant's motion for summary judgment as to Plaintiffs' claims for violations of the Texas Constitution and Defendant's request for an order permitting foreclosure.

## IV.   Conclusion

For the reasons herein stated, the court **determines** that Owen Loan Servicing LLC is not a party to this action. As Ocwen Loan is not a party to this action, no judicial action is required by the court.

The court **determines** that there is no genuine dispute of material fact as to Plaintiffs' claims for violations of the Texas Constitution. Accordingly, the court **grants** Defendants/Counter-Plaintiffs' Motion for Summary Judgment and **dismisses with prejudice** Plaintiffs' claims for violations of the Texas Constitution.

---

[2] Plaintiffs' response clearly states that it does not oppose Defendant's motion for summary judgment. As a result, the court accepts as undisputed Defendant's statement that Plaintiffs' did not respond to the requests for admission.

**Memorandum Opinion and Order - Page 6**

In its motion for summary judgment, Defendant also seeks "a judgment of foreclosure" and an award of attorney's fees. *See* Defs.' Mot. Summ. J. 14. The court will issue a declaration setting forth Defendant's rights to a judicial foreclosure of the Property. A determination of attorneys' fees, however, is premature, as the court determines attorney's fees postverdict pursuant to Federal Rule of Civil Procedure 54(d)(2)(B).

In light of this opinion, the court **denies as moot** Defendants/Counter-Plaintiffs' Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 12), filed October 2, 2014. There are no remaining claims, and judgment will issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 12th day of June, 2015.

_____
Sam A. Lindsay
United States District Judge