IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA ANN HOLT, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:14-CV-3020-L |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST CO., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendant/Counter-Plaintiff's Motion for Award of Attorney's Fees to United States Magistrate Judge for findings and recommendations. Order of Reference [D.E. 33]. For the following reasons, the undersigned recommends that the motion be granted.

**ATTORNEY'S FEES AND COSTS**

"If the court concludes that the party is entitled to attorney's fees, it must then apply the lodestar calculation to determine the amount to be awarded." *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995). "Under this method, the court determines the 'reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multipl[ies] the two figures together to arrive at the 'lodestar.'" *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-752-D, 2011 WL 487754, at *2 (N.D. Tex. Feb. 11, 2011) (quoting *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)). Once the lodestar is calculated, the court then determines whether

1

to increase or decrease that amount based on the factors[1] set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). *Arriaga v. Califco, LLC*, 3:12-CV-0094-D, 2013 WL 5928852, *2 (N.D. Tex. Nov. 5, 2013).

It is a fee applicant's burden to show "that its attorneys' hourly rate is reasonable." *S & H Indus. v. Selander*, 3:11-CV-2988-M-BH, 2013 WL 6332993,*1 (N.D. Tex. Dec. 5, 2013) (citing *Louisiana Power & Light Co. V. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). Generally, a court is provided with "copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individual's litigation skills generally." *Id.* (quoting *Neles–Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 985 (S.D.Tex.1997)). Further, the fee applicant usually provides affidavits of other attorneys practicing in the community to establish the prevailing market rate. *Id.* at *3 (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir.2002)).

The District Court has already determined that Deutsche Bank National Trust Company ("Deutsche Bank") is entitled to attorney's fees. *See* J. [D.E. 28 at 1]. Therefore, the Court will apply the lodestar calculation. *See Todd*, 47 F.3d at 1459. Deutsche Bank presents the resume of one of the attorneys that worked on the case and his declaration but no summaries of the other attorneys qualifications involved in the litigation or affidavits of other practicing attorneys in the Northern District of Texas. *See S & H Indus.*, 2013 WL 6332993, at*1. Deutsche Bank indicates that three attorneys and two paralegals were involved in this litigation, and the total fee requested for their work is $6,315.50. *See* Ex A-2 [D.E. 31-1 at 9-17]. The rates for the attorneys and paralegals are as

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to properly perform the legal services; (4) the preclusion of other employment due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (5th Cir. 1974) (overruled on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

follows: "$230.00 for partners and senior attorneys, $190.00 for associate attorneys, and $95.00 for paralegals." Ex. A [D.E. 31-1 at 3]. The Court accepts the declaration's hourly rates[2] of all of the attorneys for the lodestar calculation. *See Fralick*, 2011 WL 487754, *2. The Court also accepts the hourly rate of the paralegals assigned to this case. *See Rolex Watch U.S.A., Inc. v. Mills*, 3:12-CV-00061-L, 2012 WL 5903782, *5-6 (N.D. Tex. Nov. 26, 2012) (finding that the hourly rate for a paralegal ranges between $60 to $125 an hour in the Northern District of Texas); *Fralick*, 2011 WL 487754, at *1 n.3 (finding hourly rate of $100 reasonable for paralegal); *EsNtion Records, Inc. v. Triton TM, Inc.*, No. 3:07-CV-2027-L, 2010 WL 3446910, at *3 (N.D. Tex. Aug. 31, 2010) (accepting $125 per hour rate for paralegal).

Next, the Court considers the reasonable number of hours spent by the attorneys in preparation and litigation of the case. *See Fralick*, 2011 WL 487754, at *2. The submitted declaration indicates that a total of 38.9 hours' worth of activity accumulated in relation this case. Decl. of Mark D. Cronenwett [D.E. 31-1 at 3]. These hours are divided among the attorneys and paralegals assigned to the case. *Id.* [D.E. at 3]. The Court finds this to be a reasonable number of hours for a case of this nature.

The Court calculates the lodestar as follows: 5.2 hours at a rate of $230.00/hour for Mr. Cronenwett ($1,196.00); 6.1 hours at a rate of $190.00/hour for Mr. Danaher ($3,971.00); .8 hours at a rate of $190.00/hour for Mr. Laurel ($152.00); 0.5 hours at a rate of $95.00/hour for Ms. Carr ($47.50); 11.5 hours at a rate of $95.00 for Ms. Taplin ($1,092.50). After multiplying the lodestar hours and hourly rates, the Court arrives at the total of $6,459 for attorney's fees. The Court notes

---

[2] Other courts have accepted a fee applicant's hourly rate as reasonable when the opposing party did not object to the rate. *S & H Indus.*, WL 6332993,*1 n.5 (citing *Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995)).

that Mr. Danaher does not charge for 3 of the hours listed on an invoice. Ex A-2 [D.E. 31-1 at 15-16]. Subtracting these three hours at Mr. Danaher's billing rate from the total leaves $5,889.00. The Court finds this amount to be reasonable, and it is unnecessary to make a variance based on any of the *Johnson* factors. *See Arriaga*, 2013 WL 5928852, *2. Deutsche Bank also requests $426.50 for filing fees. Ex A-2 [D.E. 31-1 at 10, 14]. The Court finds this amount to be reasonable as well. When the attorney's fees and filing fees are added together, the total is $6,315.50. Therefore, the Court recommends that $6,315.50 in attorney's fees and costs be awarded to Deutsche Bank.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends the District Court grant Defendant/Counter Plaintiff's Motion for Award of Attorney's Fees [D.E. 30].

**SO RECOMMENDED**, this ___ day of _____ 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).